## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Denzel Early,

                        Plaintiff,          Case No. 25-12925

v.                                          Judith E. Levy
                                            United States District Judge
City of Detroit, *et al.*,
                                            Mag. Judge Anthony P. Patti
                        Defendants.

_____/

## OPINION AND ORDER DISMISSING
## THE CASE WITHOUT PREJUDICE

On September 12, 2025, *pro se* Plaintiff Denzel Early filed the complaint in this case against Defendants City of Detroit, Hegira Outpatient Clinic, Henry Ford Health System, Kingswood Behavioral Center, and Nicole Huby. (ECF No. 1.) On September 19, 2025, Plaintiff filed an application to proceed without prepaying fees or costs (also referred to as proceeding *in forma pauperis*). (ECF No. 5.) The Court granted Plaintiff's application to proceed without prepaying fees or costs. (ECF No. 6.)

Because Plaintiff proceeds *in forma pauperis* (*see id*.), the Court must screen his complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Federal Rules of Civil Procedure require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed factual allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff brings suit against the City of Detroit, Hegira Outpatient Clinic, Henry Ford Health System, Kingswood Behavioral Center, "unnamed officers and medical staff," and psychologist Nicole Huby. (ECF No. 1, PageID.1.) The factual allegations are as follows:

- Nicole Huby made representations concerning the Gullah Geechee community without cultural competence, speaking beyond her professional boundaries.

- She issued opinions without acknowledging cultural or linguistic context or limits, contrary to professional standards for interpreting assessments.

- Her actions foreseeably caused harm, including delegitimizing my cultural identity and undermining my rights as an heir of the Gullah Geechee people.

- She created a conflict of interest by aligning with outside parties adverse to my interests and community.

- She misrepresented her expertise and made statements that were false or deceptive regarding her authority to speak on Gullah Geechee matters.

(*Id.*) He brings the following claims: "Breach of Professional Ethics (APA Standards 2.01, 3.04, 3.06, 5.01, 9.06)," "Cultural Misrepresentation /

3

Discrimination," and "Violation of Due Process & Right to Informed Representation." (*Id.* at PageID.1–2.) Finally, Plaintiff requests damages, an "[i]nvestigation of Psychologist Nicole Huby for misconduct," "Federal acknowledgement that she lacks authority to speak for the Gullah Geechee community," and an injunction "preventing [Nicole Huby] from petitioning or representing interests adverse to Gullah Geechee heirs." (*Id.* at PageID.2.)

The Court concludes that Plaintiff's complaint fails to state a claim against any Defendant and must be dismissed in its entirety.

Regarding the City of Detroit, Hegira Outpatient Clinic, Henry Ford Health System, Kingswood Behavioral Center, and "unnamed officers and medical staff," Plaintiff's claims must be dismissed. Plaintiff's complaint does not allege any facts regarding what these Defendants did or did not do, or their relationship to any of the alleged facts. Without these allegations, Plaintiff does not give those Defendant fair notice of his claims and his claims must be dismissed.

Plaintiff's claims must also be dismissed against Nicole Huby. First, his claims of "breach of professional ethics," "cultural misrepresentation" and "right to informed representation" must be dismissed because

Plaintiff has not identified the legal basis for these claims. "[N]ot everything unpleasant or everything that causes physical harm or emotional distress creates a cause of action. Legal causes of action are created by statute or by common law." *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987). Here, Plaintiff does not identify statutes or common law claims, nor is the Court able to identify statutes or common law claims, that would permit him to file suit because of "breach of professional ethics," "cultural misrepresentation" and "right to informed representation."

Similarly, Plaintiff has not identified any state or federal law that could form the basis for his discrimination claim. *See Tallman v. Tabor*, 859 F. Supp. 1078, 1089 (E.D. Mich. 1994) (stating that discrimination rights "are constitutional and statutory in nature"). As such, Plaintiff has failed to state a claim for discrimination against Huby.

Finally, Plaintiff's due process claim against Huby must be dismissed. "When filing a claim for a violation of the Due Process clause, a plaintiff must allege some form of state action because the Due Process clause 'protects individuals only from governmental and not from private action.'" *Burrows v. McEvoy*, No. CIV 08-CV-11697, 2008 WL 4909386, at

*4 (E.D. Mich. Nov. 12, 2008) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930 (1982)). Here, there is no indication that Huby is a state actor and, as such, Plaintiff's due process claim against Huby is legally deficient. Additionally, the Court is unable to discern a federal statutory or constitutional right that Plaintiff was deprived of based on his allegations.

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: September 23, 2025                s/Judith E. Levy
Ann Arbor, Michigan                     JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2025.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager

6